## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DAVID E. SCHWARTZ
DIRECT DIAL
212-735-2473
DIRECT FAX
917-777-2473
EMAIL ADDRESS
DAVID.SCHWARTZ@SKADDEN.COM

May 26, 2016

**BY EMAIL/ELECTRONIC FILING**
The Hon. Katherine Polk Failla, U.S.D.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: *Rivera and Rivera v. 'Wichcraft Operating LLC, et. al.*,
Case No. 15-cv-207 (KPF)

Your Honor:

I write on behalf of 'Wichcraft Operating LLC ("Wichcraft") in response to the letter submitted by Plaintiff's Counsel, C.K. Lee, on May 20, 2016. (The other Defendants join in this letter.) As an initial matter, while Defendants still do not object to the Notice of Plaintiffs' Unopposed Motion For Approval of Attorneys' Fees, Administration Fees and Reimbursement of Expenses and defer to the Court as to the appropriate amount to be awarded, Defendants note that Plaintiffs' Counsel's past "risky" representations, as described in detail by Mr. Lee in his May 20, 2016 letter, are not relevant to the instant action. 'Wichcraft and Tom Colicchio have impeccable reputations in the restaurant industry, including a gold star award by the Restaurant Opportunities Center for wage and benefit standards. Indeed, Mr. Colicchio has engaged in tireless work on behalf of food justice initiatives throughout the country. Moreover, Defendants' wage analysis based on credit card tips indicate that in 2015 'Wichcraft delivery employees were paid, on average, over $14 per hour (i.e., well above the minimum wage). Accordingly, while Defendants do not object to Plaintiffs' Counsel's fee application, Defendants respectfully request that the Court consider Plaintiffs' Counsel application for legal fees based on the underlying merits of this specific case, rather than any unrelated case cited by Mr. Lee.

Furthermore, to be clear, the issue of how much Plaintiffs' Counsel should be awarded in legal fees is distinct from the Court's consideration of the overall fairness of the Joint Stipulation of Settlement Agreement and Release, as amended by the April 22, 2016 Letter

The Hon. Katherine Polk Failla, U.S.D.J.
May 26, 2016
Page 2

Regarding Joint Stipulation of Settlement Agreement and Release (the "Settlement Agreement"), which, in conjunction with the service awards, the Court previously found to satisfy the Grinnell factors. Accordingly, any dissatisfaction with legal fees is not a basis to revise the Settlement Agreement.

Moreover, Plaintiffs' attempt to recast the return of that portion of the net settlement amount allocated to the 21 opt-out individuals, including any potential reduction in legal fees, as anything approaching an "overwhelming windfall" to Defendants is misplaced. As the Court is aware, and as indicated by Plaintiffs' own motion papers, Michael Faillace has since filed a follow-on lawsuit with those twenty one (21) opt-out individuals; Mr. Faillace's lawsuit puts Defendants in the unenviable position of expending significant additional time and resources, which will likely result in future legal fees exceeding any sum that is returned to Defendants. Under these circumstances, the Settlement Agreement provides Defendants with, at best, only an incomplete resolution and falls far short of the "windfall" portrayed by Plaintiffs. Indeed, in this particular context, where the return of funds was agreed to after the opt-out period expired, the return of that portion of the net settlement fund representing the opt-out individuals, including any potential reduction of legal fees, is both fair and reasonable. For example, in Mba v. World Airways, Inc., 369 Fed. Appx. 194, 197 (2d Cir. 2010), the Second Circuit upheld, under facts less compelling than those presented here, the parties' reversion clause in a settlement agreement where there was no evidence of misconduct by the defendants. Here, not only has there been no misconduct by Defendants, but Defendants are now also engaged in a separate and related litigation.

In addition, the three cases cited by Plaintiffs' to support the argument that – despite agreeing to it – a portion of the net settlement fund should not be returned to Defendants are wholly inapplicable here. First, unlike in In re Baby Prods. Antitrust Litig., 708 F.3d 163 (3d Cir. 2013), returning the portion of the net settlement fund to Defendants does not undermine the deterrent effect of class actions where, as here, the portion of the unclaimed settlement fund does not represent individuals who have failed to collect their portion of the settlement, but rather individuals who have opted-out and now file a follow-on lawsuit. Second, unlike in Plaintiffs' description of the unreported case, Ascencio v. Arturo's Park, Inc. (decision not available), the portion being returned to Defendants represent individuals who have since filed separate and related claims, and are not bound by the release of claims under the Settlement Agreement, rather than collective class members who chose not to opt-in to the settlement. Finally, while Plaintiffs' cite Nachshin v. AOL, LLC, 663 F.3d 1034, 1041 (9th Cir. 2011), for the general proposition that *cy pres* awards preserve the deterrent effect of class actions, the Ninth Circuit did not address reversion in this case and merely concluded that the *cy pres* distribution agreed to by the parties may be unfair because it failed to benefit the class.

In conclusion, pursuant to the terms of the Settlement Agreement, Defendants respectfully request that the portion of the net settlement payment for the number of workweeks worked by the twenty one (21) opt out individuals, including any potential reduction in legal fees, be returned to Defendants.

The Hon. Katherine Polk Failla, U.S.D.J.
May 26, 2016
Page 3

                                                  Respectfully submitted,

                                                  David E. Schwartz

cc:    CK Lee, Esq. (counsel for Plaintiffs) (*via email*)
        Michael Yim, Esq. (counsel for Defendants) (*via email*)